## BOLLES *a*. DUFF.

*Supreme Court, First District; General Term, March,* 1864.

APPEALABLE ORDER.—RECEIVER.—SECURITY FOR COSTS.—LEAVE
TO SUE.

An order of court requiring a plaintiff acting in a representative capacity to give security for costs, under section 317 of the Code, is not appealable, except for irregularity in granting or procuring it.*

An order of court made *ex parte*, giving a receiver leave to sue, is not a bar to a motion to require such receiver to file security for costs.

Appeal from an order requiring security for costs.

This action was brought by Jesse N. Bolles, as receiver of John M. Trimble, a judgment-debtor, against Trimble, John A. Duff, and William H. Roberts. The action was brought pursuant to leave from the court. The action was to set aside an assignment and conveyance of real estate in New York city. The defendants moved that the plaintiff be required to give security for costs, the motion papers disclosing that the receiver had no funds in hand belonging to the estate of Trimble, and

---

* In JULIO *a*. INGALLS (*Supreme Court, First District; General Term, September,* 1863; Present, SUTHERLAND, INGRAHAM, and LEONARD, JJ.), it was *Held,* 1. That an order for the discovery of books and papers, under the Revised Statutes, is appealable. 2. An order requiring the deposit of all the account-books of a party with the clerk for ten days, is not sustainable in an ordinary case. 3. A petition for discovery must show the precise point on which information is desired.

no prospect of funds unless successful in this action. The motion was granted, and security was required in the sum of $500. The plaintiff appealed.

*Benjamin C. Thayer*, for the appellant.—I. The defendant Trimble has appeared: no motion has been made on his part to have the plaintiff file security for costs, yet the order compels the plaintiff to file security in a bond to the defendants, "severally and collectively." This is erroneous.

II. We have two orders in this action. One authorizing and directing the receiver to prosecute this action without filing any security for costs; and the other, requiring said receiver to file security in a bond to the defendants, "severally and collectively," and staying the proceedings herein until such bond is filed. This order is in direct opposition to the previous order, and is virtually and in substance a reversal of that order. There are but two ways to dispose of the previous order; one by motion to set it aside for irregularity or want of jurisdiction, the other by an appeal to the general term.

III. The plaintiff is not personally liable to the defendants for their costs of the action, unless the court directs the same to be paid by him personally for mismanagement or bad faith in such action. (*Code*, § 317; Stewart a Binsse, 4 *Bosw.*, 616; Devendorf *a.* Dickinson, 21 *How. Pr.*, 275; Carnahan *a.* Pond, 15 *Abbotts' Pr.*, 194; Darby *a.* Condit, 1 *Duer*, 599.)

IV. The security, when required, must in all cases be made to depend upon a judgment; that is, by its terms is not to be valid, unless a personal judgment for mismanagement and bad faith shall be rendered. (Darby *a.* Condit, 1 *Duer*, 599; Shepherd *a.* Burt, 3 *Ib.*, 645; St. John *a.* Denison, 9 *How. Pr.*, 343.)

V. Security cannot be required, under section 317 of the Code, of a person expressly authorized by statute to sue, merely upon the ground that the estate that he represents is insolvent. A receiver appointed under supplementary proceedings does not stand merely in the place of the debtor, but represents the creditors as well as the debtor. He is a trustee for all the parties. Section 298 of the Code forbids the appointment of more than one receiver for the same judgment-debtor, though there may be separate proceedings in favor of different creditors.

This shows that the receiver is a trustee for all. (Porter *a.* Williams, 9 *N. Y.* (5 *Seld.*), 142.)

VI. A receiver appointed under section 298 of the Code has the same power as one appointed under section 244; and by the last section the court is authorized to appoint receivers and grant the other provisional remedies.

*Van Antwerp & James* and *Rocellus S. Guernsey*, for the respondent.—I. The provisions of the Revised Statutes relating to security for costs, say: "§ 1. When a suit shall be commenced in any court, for or in the name of the trustees of any debtor, the defendant may require such plaintiff to file security for the payment of the costs that may be incurred by the defendant in such suit or proceeding." (2 *Rev. Stat.*, 620; Gomez *a.* Garr, 18 *Wend.*, 577.) Those provisions of the Revised Statutes are not affected by the Code, and are still in force. (Gardner *a.* Kelly, 2 *Sandf.*, 632.)

II. The first division of section 317 of the Code is for the protection of trust-estates, and is the same in effect as the provisions of previous statutes relating to trust-estates, and more comprehensive. Subdivision 3 extended the power of the court to require security from parties which the Revised Statutes did not cover, and to prevent oppressive litigation. (2 *Rev. Stat.*, 2 ed., 511, § 18; *Ib.*, 514, § 38.)

III. The courts never would encourage litigation in such a manner as to make the defendant suffer costs in any result of the action. (Isnard *a.* Cazeau, 1 *Paige*, 39; Benedict *a.* Jones, 18 *Wend.*, 557; Coryell *a.* Davis, 5 *Hill*, 559.)

IV. The above provisions of the Revised Statutes being still in force, defendants, in actions of this character, are entitled to its benefit as a matter of right, independent of any discretionary power of the court.

V. The court below having exercised the discretionary power given it by section 317 of the Code, and ordered the plaintiff to give security for costs, this court will not, on appeal, review such order. The appeal should therefore be dismissed. (Taylor *a.* Seeley, 3 *Code R.*, 85; Seeley *a.* Chittenden, 10 *Barb.*, 303.)

By the Court.—Clerke, J.—An order of a court, requiring

a party to an action, acting in a representative capacity, to give security for costs, is discretionary. (*Code*, § 317.) Therefore, on the merits, the order requiring the plaintiff in this action to give security for costs is not appealable, and it is only on the ground of irregularity in procuring or granting it that we can interfere. It is contended by the counsel for the plaintiff, that as the court at special term, held by another judge, granted an order allowing the plaintiff to commence and perfect this action, that this exonerated him from all liability for costs, and debarred the defendants from subsequently applying for an order requiring him to give security for the same; and that such subsequent order is a reversal of the previous order. This, I think, is not strictly correct.

The first order was *ex parte*, and not conclusive. It was granted on the petition of the receiver, without giving the defendants any opportunity of being heard, and was revocable on motion, on due notice to the plaintiff, and on hearing both parties. The first order, like the second, was discretionary; and as it was, therefore, not appealable, the defendants would have no remedy, if it could not be modified or revoked by a subsequent order of the court. If this could not be done, receivers could, nearly in every case, commence reckless and oppressive actions, without any danger of liability; for they can, very generally, on their own *ex-parte* petition, when duly verified, obtain an order allowing them to commence an action; and as I have said, if this be deemed conclusive, they can always escape liability for mismanagement or bad faith in commencing or conducting the action.

The appeal should be dismissed, with costs.

LEONARD and SUTHERLAND, JJ., concurred.